## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TIERA KNIGHT,              )
                          )
           **Plaintiff,**     )
                          )   **CIVIL ACTION**
**v.**                        )
                          )   **No. 15-9103-KHV**
**ALLSTATE INSURANCE COMPANY,**   )
                          )
          **Defendant.**    )
_____)

## MEMORANDUM AND ORDER

In the District Court of Wyandotte County, Kansas, Tiera Knight filed suit against Allstate Insurance Company seeking to recover under a renter's insurance policy for personal property loss incurred as a result of a fire which occurred on December 5, 2014. See Petition For Damages attached to Notice Of Removal (Doc. #1) filed June 3, 2015. Allstate removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Notice Of Removal (Doc. #1) filed June 3, 2015. This matter is before the Court on Plaintiff's Motion To Remand (Doc. #6) filed June 17, 2015. For reasons stated below, the Court sustains the motion.

## Legal Standards

A civil action is removable only if plaintiff originally could have brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de

Guinee, 456 U.S. 694, 702 (1982).  It requires the Court to deny jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.  See id.

Here, defendant asserts diversity jurisdiction under 28 U.S.C. § 1332(a), which provides original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1] 28 U.S.C. § 1332(a)(1); see Notice Of Removal (Doc. #1) ¶ 4.  As the party requesting removal, defendant must allege "a short and plain statement of the grounds for removal" which includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 551, 553-54 (2014) (quoting 28 U.S.C. § 1446(a)).  Where plaintiff contests defendant's allegations regarding the amount in controversy, both sides may present evidence and the Court must decide by a preponderance of the evidence whether defendant has satisfied the amount-in-controversy requirement.  See Dart, 135 S. Ct. at 553-54.  Defendant may prove jurisdictional facts by contentions, interrogatories or admissions in state court, calculations from the complaint, reference to plaintiff's informal estimates or settlement demands, affidavits from experts or any other way of establishing the amount in controversy.  McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008); Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540-43 (7th Cir. 2006).

## Analysis

Plaintiff urges the Court to remand because defendant has not shown that the amount in controversy exceeds $75,000.  As the party requesting removal, defendant bears the burden to

---

[1]      The parties agree that they are citizens of different states.  See Petition For Damages ¶¶ 1-2; Notice Of Removal (Doc. #1) ¶¶ 2-3.

demonstrate by a preponderance of the evidence that the Court has jurisdiction.  See Dart, 135 S.

Ct. at 553-54.  In the petition, plaintiff seeks an unspecified amount of damages up to the policy

limits of coverage, costs, expenses and reasonable attorney's fees under K.S.A. § 40-908.[2]  See

Petition For Damages at 2-3.  Because the face of the petition does not satisfy the amount-in-

controversy requirement, the Court looks to defendant's notice of removal.  To remain in federal

court, defendant must prove by a preponderance of evidence facts sufficient to establish that the

amount in controversy may exceed $75,000.  See McPhail, 529 F.3d at 954.

In the notice of removal, defendant asserts that the total amount of plaintiff's damages plus

attorney fees exceeds $75,000.  See Notice Of Removal (Doc. #1) ¶¶ 4-6.  Specifically, defendant

asserts that plaintiff seeks damages for personal property loss in the amount of $40,000, and that her

claim for attorney fees under K.S.A. § 40-908 brings the amount in controversy to over $75,000,

exclusive of interest and costs.  Id.  The parties agree that under the insurance policy limits, plaintiff

cannot recover more than $40,000 for personal property loss.  See Defendant's Memorandum Of

Law In Opposition To Plaintiff's Motion To Remand And Its Request To Conduct Limited

Discovery Regarding The Amount In Controversy ("Defendant's Memorandum") (Doc. #7) filed

---

[2]        Section 40-908 states as follows:

That in all actions now pending, or hereafter commenced in which judgment is
rendered against any insurance company on any policy given to insure any property
in this state against loss by fire, tornado, lightning or hail, the court in rendering such
judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services
in such action including proceeding upon appeal to be recovered and collected as a
part of the costs: *Provided, however*, [t]hat when a tender is made by such insurance
company before the commencement of the action in which judgment is rendered and
the amount recovered is not in excess of such tender no such costs shall be allowed.

K.S.A. § 40-908 (emphasis in original).

-3-

June 24, 2015 at 4; Plaintiff's Reply Memorandum In Support Of Her Motion To Remand ("Plaintiff's Reply") (Doc. #8) filed July 2, 2015 at 2.  Thus, the issue is whether defendant has shown by a preponderance of evidence that plaintiff's claim for attorney fees may exceed $35,000.

In the notice of removal, defendant alleges that including attorney fees, the amount in controversy exceeds $75,000.  See Notice Of Removal (Doc. #1) ¶¶ 4-6.  Defendant provides no factual basis, however, for the Court to make such a finding by a preponderance of the evidence.  See, e.g., Gunther v. Travelers Indem. Co., No. 12-2492-KHV, 2012 WL 4463437, at *4 (D. Kan. Sept. 27, 2012).  In response to plaintiff's motion to remand, defendant states conclusively that "it is more than reasonable that Plaintiff may seek attorney fees in excess of $35,000" and that "given the need for expert testimony, as well as multiple depositions, it is more likely than not that Plaintiff's attorney's fees will exceed $35,000."  Defendant's Memorandum (Doc. #7) at 5. Defendant provides no evidentiary support for these assertions.  Cf. McPhail, 529 F.3d at 954 (notice of removal may prove jurisdictional facts by contentions, interrogatories or admissions in state court, calculations from complaint, reference to plaintiff's informal estimates or settlement demands, affidavits from experts or any other way of establishing what controversy between parties amounts to).  On this record, defendant has not shown by a preponderance of evidence that the amount of plaintiff's attorney fees may reasonably exceed $35,000.

Moreover, plaintiff's attorney has provided an affidavit which states that attorney fees in this matter will not exceed $35,000.  See Affidavit Of Michael Wharton ¶ 3, Exhibit A to Plaintiff's Reply (Doc. #8).  In light of this evidence, plaintiff has shown that it is legally certain that her recovery will be less than $75,000.  See McPhail, 529 F.3d at 954; Williams v. Law Offices of David Sean Dufek, LLC, No. 08-2291-KHV, 2008 WL 3492137, at * 1 (D. Kan. Aug. 11, 2008).

Under these circumstances, the Court lacks subject matter jurisdiction and remand is appropriate. Williams, 2008 WL 3492137, at *1.

In response to plaintiff's motion to remand, defendant asks that if the Court finds that it has not met its burden to prove the amount in controversy, the Court allow it time to conduct limited discovery. See Defendant's Memorandum (Doc. #7) at 6-7. In light of plaintiff's stipulation that her attorney fees will not exceed $35,000, defendant's request to conduct discovery is moot. Moreover, defendant filed its response almost six months ago, on June 24, 2015. Since that time, defendant has had ample time to conduct discovery regarding the amount of damages and reasonable attorney fees in this case. Defendant has not asked to supplement the record in this regard. Under the circumstances, the Court overrules defendant's request for additional time to conduct discovery regarding the amount in controversy.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Remand (Doc. #6) filed June 17, 2015 be and hereby is **SUSTAINED**. The case is hereby remanded to the District Court of Wyandotte County, Kansas.

Dated this 5th day of January, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge